# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOANN SUPER,

      Plaintiff,

v.                                         Case No. 13-CV-11626

SETERUS, INC., UNKNOWN TRUSTEE, as
Trustee of the asset-backed security in which      HON. MARIANNE O. BATTANI
the loan at issue was pooled, and UNKNOWN
HOLDERS, the unknown holders of said asset-
backed security,

      Defendants.

_____/

## OPINION AND ORDER GRANTING DEFENDANT SETERUS, INC.'S
## MOTION FOR JUDGMENT ON THE PLEADINGS

Before the Court is Defendant Seterus, Inc.'s Motion for Judgment on the

Pleadings under Fed R. Civ. P. 12(c). (Doc. No. 10). The Court has reviewed all the

relevant filings and finds that oral argument will not aid in resolving this dispute. See

E.D. Mich. LR 7.1(f)(2). For the reasons discussed below, the Court **GRANTS**

Defendant's motion dismissing all of Plaintiff's claims.

## I.      STATEMENT OF FACTS

Plaintiff Joann Super purchased property located at 182 Chaney Road, Belleville,

Michigan in August 2004. (Doc. No. 10, Ex. 1). Super obtained a $170,320 loan,

secured by a mortgage on the property granted to Mortgage Electronic Registration

System ("MERS"). In February 2012, MERS assigned the mortgage to the Federal

National Mortgage Association ("Fannie Mae"). (Doc. No. 10, Ex. 2). Seterus was the

servicer of the loan.  (Doc. No. 10 at 16).

On April 12, 2012, after Super defaulted on her loan, Seterus offered her a "Trial Period Plan" ("TPP") to avoid foreclosure that required her to make three scheduled trial payments (Doc. No. 1-1, Ex. D, at 65).  Although the parties dispute whether Super made the requisite payments, it is undisputed that the property was sold at a sheriff's sale on September 20, 2012.  (Doc. No. 10, Ex. 4).  Fannie Mae was the successful bidder. (Doc. No. 10, Ex. 4).  Plaintiff did not redeem the property, but filed a fourteen-count complaint in the Wayne County Circuit Court on March 12, 2013. (Doc. No. 1, Ex. 1).  The statutory redemption period expired on March 20, 2013.

Seterus filed a timely removal of the state court action to this Court and filed a motion for judgment on the pleadings.  Thereafter, Super dismissed Counts 1, 5, 8, 9, 10, 11, 12, and 13.  (Doc. No. 18).  Counts 2 (Declaratory Relief), 3 (Breach of Contract - Modification Agreement), 4 (Promissory Estoppel), 6 (Intentional Fraud), 7 (Constructive Fraud), and 14 (Breach of Implied Duty of Good Faith And Fair Dealing) remain.

## II.    STANDARD OF REVIEW

A Rule 12(c) motion for judgment on the pleadings is determined using the same standard that applies to a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  Poplar Creek Dev. v. Chesapeake Appalachia, 636 F.3d 235, 240 (6th Cir. 2011).  A Rule 12(b)(6) motion "allows a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief if all the facts and allegations in the complaint are taken as true."  Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993).  To survive a motion to dismiss, the plaintiff must "state a claim for relief that is plausible on its face."

2

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Plausibility "requires showing more than the sheer possibility of relief but less than a probable entitlement to relief." Fabian v. Fuller Helmets, Inc., 628 F.3d 278, 280 (6th Cir. 2010) (citations and internal quotation marks omitted).

In reviewing a motion to dismiss, the court "must construe the complaint in the light most favorable to the plaintiff [and] accept all factual allegations as true."  In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993).  This standard does not require the court to accept as true legal conclusions, conclusory statements, or "threadbare recitals of the elements of a cause of action."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## III.   ANALYSIS

Before turning to the merits of Seterus's arguments, the Court must decide whether to consider documents attached to Seterus's motion and Super's response that are outside the pleadings.  In Weiner v. Klais and Co., 108 F.3d 86, 88 (6th Cir. 1997), the Sixth Circuit observed that the lower court "may consider any matters of which a court may take judicial notice without converting a party's motion to dismiss into a motion for summary judgment."  Moreover, when documents are referenced in a complaint and are central to the claims, the court may consider them in resolving a motion to dismiss.  Id. (quoting Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993)).

Here, the Court will consider the exhibits because those that are not incorporated by reference are verifiable and integral to the parties' dispute.

3

**A.     Statutory Violations**

In Count II, Super seeks declaratory relief that the foreclosure violates Mich. Comp. Laws § 600.3205c, which govern a lender's duties regarding loan modifications. (Doc. No. 1-1 at 19).  She also seeks a Temporary Restraining Order ("TRO") or preliminary injunction that restrains the expiration of the redemption period relative to the Sheriff's deed, and that the Sheriff's deed be set aside or vacated.

In support of Count II, Super alleges that she qualified for a loan modification. (Doc. No. 1-1 at 22, ¶ 110), and that Seterus nevertheless foreclosed in violation of Mich. Comp. Laws § 600.3204.  Even crediting Plaintiff's allegations that Seterus failed to comply with § 600.3205c, she has not provided a basis for extending the redemption period or setting aside the foreclosure.

Under Michigan law, Super cannot set aside a foreclosure that has been completed because the loan modification statute neither requires a lender to modify a particular loan nor does it authorize a court to unwind the foreclosure.   "Rather, the sole remedy in the statute for commencing a foreclosure in violation of the loan modification procedures is for the mortgagor to convert a foreclosure by advertisement into a judicial foreclosure before it is completed."  Akinwusi v. Fed. Home Loan Mortg. Corp., No. 12-15185, 2013 WL 1282018, at * 7 (E. D. Mich. March 27, 2013). Consequently, even if Seterus ignored its statutory duties to complete the loan modification process and follow all of the steps articulated in the statute, the statute does not authorize the relief requested by Super.  She could have converted the foreclosure by publication into a judicial foreclosure.  See Pettey v. CitiMortgage, Inc., No. 11-cv-13779, 2012 WL 3600342, at * 9 (E. D. Mich. Aug. 21, 2012).  She did not.

Further, Super failed to redeem the property during the six-month statutory redemption period following the sheriff's sale, and filing this lawsuit did not toll the redemption period.  Conlin v. Mortg. Elec. Registration Sys., Inc., 714 F.3d 355, 360 (6th Cir. 2013).  Under Michigan law, legal title to a foreclosed property vests in the holder of the sheriff's deed unless the property is redeemed within the six-month statutory redemption period.  See Mich. Comp. Laws § 300.3236-3240.  Consequently, a plaintiff must allege a clear showing of fraud or irregularity to maintain an action for an equitable extension of the redemption period.  Conlin, 714 F.3d at 360 (citing Overton v. Mortgage Electronic Registration Sys., Inc., No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009).  It is a "high standard" and the fraud "must relate to the foreclosure procedure itself." Id. (quoting El-Seblani v. IndyMac Mortg. Servs., 510 F. App'x 425, 429-30, No. 12-1046, 2013 WL 69226, at *4 (6th Cir. Jan. 7, 2013).  Further, defects in the foreclosure proceeding merely render the foreclosure voidable.  Kim v. JPMorgan Chase Bank, N.A., 825 N.W.2d 329 (Mich. 2012).  In addition to a clear showing of fraud or irregularity in the foreclosure process, a plaintiff must demonstrate prejudice resulting from the defect.  Id. at 337.  To do this, a plaintiff must show their position would have been better "to preserve [her] interest in the property absent defendant's noncompliance with the statute."  Id.

Super must, therefore, allege fraud or irregularity in the foreclosure process as well as prejudice in order to equitably toll the redemption period and set aside the foreclosure.  Her allegations fall short of either of these requirements.  Her fraud allegations concern the loan modification process, not the foreclosure process.  Consequently, because her claims fall short of alleging fraud or irregularity in the

5

foreclosure process, there is no basis for equitably tolling the redemption period.

In sum, Plaintiffs have failed to state a claim for wrongful foreclosure (Count I).

**B.     Breach of Contract**

In Count 3, Super alleges that Seterus breached their contract when it failed to grant a loan modification. According to Seterus, the claim is barred by Michigan's Statute of Frauds, which requires that agreements to modify a loan be in writing and signed with an authorized signature:

> An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
>
> . . .
>
> (b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan[.]

Mich. Comp. Laws § 566.132 (1993).

The parties disagree as to whether Seterus qualifies as a financial institution and as to whether the loan modification agreement was signed. Each issue is discussed below.

As defined by the statute, a "financial institution" to includes "a person licensed or registered under the mortgage brokers, lenders, and servicers licensing act, . . . or an affiliate or subsidiary thereof." Mich. Comp. Laws  § 566.132(3) (1993).  Super contends that Seterus is not a "financial institution" within the meaning of this statute because Seterus is a Delaware corporation and therefore does not qualify as any of the entities listed in the statute.  (Plaintiff's Response, Doc. No. 19 at 13).  Even crediting the allegation that Seterus is a Delaware corporation, the Court finds the state of

6

incorporation creates no inference that Seterus is not a "financial institution" for the purposes of Michigan's Statute of Frauds.  See, e.g., Colletti v. Nationstar Mortgage, LLC, Slip Op. No. 13-13461, 2013 WL 6631533 (E. D. Mich. Dec. 17, 2013) ("Plaintiffs have offered no credible argument that [the mortgage companies] were not financial institutions as the statute contemplates.  Plaintiff has only conclusorily alleged that both were not financial institutions.  The Court need not credit those conclusory allegations.").  Super does not allege that Seterus is not licensed as a loan servicer in Michigan.  Without more, the Court need not credit a mere conclusory allegation that, as a Delaware corporation, Seterus is not a "financial institution" within the meaning of the statute.

Next the Court considers evidence of a signed writing.  Super relies on a letter from Seterus dated April 12, 2012, to support her allegation that Seterus promised her that if she complied with the TPP, her mortgage terms would be permanently modified. (Doc. No. 1-1 at 25).  In this case, the offer is in writing but is unsigned.  In the signature line of Exhibit D, the document simply states "Sincerely, Seterus" in typeface.  This plainly does not fall within the "authorized signature" requirement in the statute of frauds.  Therefore, the statute of frauds bars the claim.  See Crown Technology Park v. D&N Bank, FSB, 619 N.W.2d 66, 72 (Mich. Ct. App. 2000) (concluding that Michigan's Statute of Frauds precludes a party from bringing suit against a financial institution for enforcement of an oral promise).

Moreover, even if the letter satisfied the statute of frauds or fell within an exception, the letter is merely a document offering a trial loan modification, not a permanent loan modification.  Michigan courts have expressly declined to find that a

trial loan modification document is a binding contract that requires permanent modification.  See, e.g.,  Acheampong v. Bank of New York Mellon, 12-13223, 2013 WL 173472 (E.D. Mich. Jan. 16, 2013) aff'd, 531 F. App'x 751 (6th Cir. 2013); and Polk v. Countrywide Fin. Corp., No. 12-10648, 2012 WL 2952389 (E.D. Mich. July 19, 2012) (applying Michigan law); see also Voydanoff v. Select Portfolio Servicing, Inc., 298098, 2011 WL 6757841 (Mich. Ct. App. Dec. 22, 2011) (holding that the loan modification proposal was not a binding agreement).

### C.  Promissory Estoppel

Super advances a promissory estoppel claim based on the same factual allegation in her breach of contract claim–she alleges that Seterus extended promises or assurances that her Loan would be modified.  This claim also is barred by the Statute of Frauds.  Because of the sweeping reach of the statute, any claim, regardless of how it is labeled, "against a financial institution to enforce the terms of an oral promise" is barred.  Crown Technology Park v. D&N Bank, FSB, 619 N.W.2d 66 (Mich. Ct. App. 2000).

### D.    Intentional and Constructive Fraud

In Counts VI and VII, Super brings intentional and constructive fraud claims. Under Fed. R. Civ. P. 9(b), a plaintiff is required to state with particularity the circumstances constituting fraud.  Therefore, a complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent."  Frank v. Dana Corp., 574 F.3d 564, 569-70 (6th Cir. 2008) (quoting Gupta

8

v. Terra Nitrogen Corp., 10 F. Supp. 2d 879, 883 (N.D. Ohio 1998).  This means that a plaintiff must at minimum state where and when the misrepresentation took place and what was said.  Id. (citing Bender v. Southland Corp., 749 F.2d 1205, 1216 (6th Cir. 1984).

In this case, Super's pleadings fall short of the Fed. R. Civ. P. 9(b) pleading requirements for fraud because she did not include the requisite particularity.  Super alleges that Seterus and the other defendants engaged in a conspiracy to intentionally defraud her with the specific goal of tricking her into foreclosure so that the Trustee and the Servicer would gain profits from foreclosure servicing bonuses and fees.  (Doc. No. 1-1 at 29, ¶ 148).  Specifically, she states that Seterus intentionally lied to her by making a bad-faith offer that, if she agreed to stop making payments on her mortgage loan and apply for a modification, she would not be foreclosed upon and she would be granted a loan modification.  (Doc. No. 1-1 at 30, ¶ 149).  But she does not state when or where these misrepresentations took place, nor does she provide a writing to evidence these communications.  Further, her description of what was said is framed in very general terms rather than recounting or summarizing specific conversations.  Because her allegations do not rise to the specificity level required by Rule 9(a), Super's fraud claims must be dismissed.

### E.    Breach of the implied duty of good faith and fair dealing

Michigan does not recognize an independent tort action for breach of the implied duty of good faith and fair dealing.  Instead, breach of the implied duty of good faith and fair dealing are a basis for a breach of contract action in Michigan.  McLiechey v. Bristol W. Ins. Co., 408 F. Supp. 2d 516, 522-23 (W.D. Mich. 2006) aff'd sub nom McLiechy v.

9

<u>Bristol W. Ins. Co.</u>, 474 F.3d 897 (6th Cir. 2007).  Further, the implied covenant only applies where one party to the contract has discretion in its performance.  <u>Id.</u>, <u>see also</u> <u>Ferrell v. Vic Tanny Int'l, Inc.</u>, 357 N.W.2d 669, 672 (Mich. Ct. App. 1984).

Super places her claim that Seterus violated the implied duty of good faith and fair dealing at Count 14 of her complaint, a count separate from the breach of contract claim. Super titles this claim as "breach of contract of the implied duty of good faith and fair dealing" (Doc. No. 1-1 at 43).  This title implies that Super is bringing Count 14 as an additional breach of contract claim, based on breach of the implied duty of good faith and fair dealing.  Super does allege that Seterus had the discretion to modify her loan (Doc. No. 1-1 at 43).  Although Super correctly brings this type of claim as a breach of contract claim, the alleged contract between Super and Seterus does not comport with Michigan's statute of frauds.  Consequently, because Super cannot show that a contract between the parties existed, she cannot bring a breach of contract action on any basis.  This includes breach of the implied duty of good faith and fair dealing.  This count must also be dismissed.

IV.     **CONCLUSION**

For the reasons stated, the Court **GRANTS** Defendant's Motion to Dismiss on all counts.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATE: <u>March 7, 2014</u>

10

CERTIFICATE OF SERVICE

Copies of this Order were mailed and/or e-filed to Plaintiff and counsel of record

on this date.

<u>s/Bernadette M. Thebolt</u>
Case Manager